```
                   UNITED STATES DISTRICT COURT
                      DISTRICT OF NEW JERSEY
_____
                              :
CLARENCE WILLIAM SIMMONS,     :
                              :
          Plaintiff,          :   Civ. No. 20-1561 (NLH)(AMD)
                              :
     v.                       :
                              :
WARDEN DAVID KELSEY, et al.,  :   OPINION
                              :
          Defendants.         :
_____:
```

APPEARANCES:

Clarence William Simmons
274886
Atlantic County Jail
5060 Atlantic Avenue
Mays Landing, NJ 08330

    Plaintiff pro se

HILLMAN, District Judge

  I.   INTRODUCTION

    Plaintiff, Clarence William Simmons ("Plaintiff") or "Simmons"), is a pretrial detainee lodged at the Atlantic County Jail in Mays Landing, New Jersey. He is proceeding pro se with a civil rights complaint filed pursuant to 42 U.S.C. § 1983.

    At this time, this Court must review the complaint, pursuant to 28 U.S.C. § 1915(e)(2), to determine whether it should be dismissed as frivolous or malicious, for failure to state a claim upon which relief may be granted, or because it seeks monetary relief from a defendant who is immune from such

relief. For the reasons set forth below, the complaint is dismissed without prejudice in part and with prejudice in part for failure to state a claim upon which relief may be granted.

II. BACKGROUND

For purposes of this screening opinion, the allegations of the complaint are construed as true. Plaintiff names two defendants in this action; (1) Warden David Kelsey; and (2) Keefee Company.

Plaintiff alleges he entered the Atlantic County Jail on September 23, 2019 as a pretrial detainee. Plaintiff claims he has been deprived of an adequate law library. See ECF No. 1 at 4. More specifically, plaintiff states when he puts in request slips to obtain a case, it is either denied, he eventually receives the wrong case or the case is given to him late. See id. He asserts the law library is run by a civilian who is not qualified to be a paralegal. See id. Next, plaintiff complains about the showers at the Atlantic County Jail. See id. He states he can smell the mold when entering the showers and can also see calcium, lime and rust buildup. See id. Third, Plaintiff complains that the jail charges him $50.00 per month in "rent." See id. Finally, Plaintiff states he is overcharged (price gouged) for items he buys at the canteen. See id. More specifically, he states items that cost twenty cents cost $1.21 in the canteen.

As relief, plaintiff requests: (1) the showers be fixed; (2) the jail stop charging him $50 per month as "rent"; (3) the jail stop depriving him access to the law library and a paralegal; and (4) the jail stop overcharging for canteen items. See id. at 5.  He further requests $4.4 million in damages.

III. STANDARD OF REVIEW

Under the Prison Litigation Reform Act, Pub.L. 104-134, §§ 801-810, 110 Stat. 1321-66 to 1321-77 (Apr. 26, 1996) ("PLRA"), district courts must review complaints in those civil actions in which a prisoner is proceeding in forma pauperis, see 28 U.S.C. § 1915(e)(2)(B), seeks redress against a governmental employee or entity, see 28 U.S.C. § 1915A(b), or brings a claim with respect to prison conditions.  See 42 U.S.C. § 1997e.  The PLRA directs district courts to sua sponte dismiss any claim that is frivolous, is malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief.  See 28 U.S.C. § 1915(e)(2)(B).

"The legal standard for dismissing a complaint for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) is the same as that for dismissing a complaint pursuant to Federal Rule of Civil Procedure 12(b)(6)."  Schreane v. Seana, 506 F. App'x 120, 122 (3d Cir. 2012) (citing Allah v. Seiverling, 229 F.3d 220, 223 (3d Cir. 2000)); Mitchell v. Beard, 492 F. App'x 230, 232 (3d Cir. 2012) (discussing 42 U.S.C. § 1997e(c)(1));

Courteau v. United States, 287 F. App'x 159, 162 (3d Cir. 2008) (discussing 28 U.S.C. § 1915A(b)).  That standard is set forth in Ashcroft v. Iqbal, 556 U.S. 662 (2009) and Bell Atlantic Corp. v. Twombly, 550 U.S. 544 (2007), as explicated by the United States Court of Appeals for the Third Circuit.  To survive the court's screening for failure to state a claim, the complaint must allege 'sufficient factual matter' to show that the claim is facially plausible.  See Fowler v. UPMC Shadyside, 578 F.3d 203, 210 (3d Cir. 2009) (citation omitted).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Fair Wind Sailing, Inc. v. Dempster, 764 F.3d 303, 308 n.3 (3d Cir. 2014) (quoting Iqbal, 556 U.S. at 678). "[A] pleading that offers 'labels or conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'"  Iqbal, 556 U.S. at 678 (quoting Twombly, 550 U.S. at 555).

Pro se pleadings, as always, will be liberally construed. See Haines v. Kerner, 404 U.S. 519 (1972).  Nevertheless, "pro se litigants still must allege sufficient facts in their complaints to support a claim."  Mala v. Crown Bay Marina, Inc., 704 F.3d 239, 245 (3d Cir. 2013) (citation omitted).

A plaintiff may have a cause of action under 42 U.S.C. § 1983 for certain violations of constitutional rights.  Section 1983 provides in relevant part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress, except that in any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity, injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief was unavailable.

Thus, to state a claim for relief under § 1983, a plaintiff must allege first, the violation of a right secured by the Constitution or laws of the United States, and second, that the alleged deprivation was committed or caused by a person acting under color of state law.  See Harvey v. Plains Twp. Police Dep't, 635 F.3d 606, 609 (3d Cir. 2011) (citations omitted); see also West v. Atkins, 487 U.S. 42, 48 (1988).

   IV.  DISCUSSION

   1. Law Library

   Plaintiff initially complains about the inadequacy of the jail's law library and its paralegal.  This Court construes

5

these allegations as attempting to bring a First Amendment access-to-courts claim.

To allege an access-to-the-courts claim, a prisoner is required to show that the denial of access caused actual injury. Jackson v. Whalen, 568 F. App'x 85, 87 (3d Cir. 2014) (per curiam) (quoting Lewis v. Casey, 518 U.S. 343, 350 (1996)). An actual injury occurs when a prisoner demonstrates that a "nonfrivolous" and "arguable" claim was lost because of the denial of access to the courts. Christopher v. Harbury, 536 U.S. 403, 415 (2002). Alleging that a prison's law library or legal assistance program is subpar in some theoretical sense is insufficient to state an actual injury. Lewis, 518 U.S. at 351.

Plaintiff does not allege an actual injury in his complaint. He does not identify any lost claim because of the pled inadequacies of the law library. Therefore, plaintiff has not sufficiently pled an "access-to-the-courts" claim under the First Amendment. This claim is dismissed without prejudice for failure to state a claim upon which relief may be granted.

2. Shower Conditions

Next, plaintiff challenges the conditions of his confinement because of the shower facilities at the Atlantic County Jail. Because plaintiff is a pretrial detainee, the Due Process Clause of the Fourteenth Amendment governs the claim. Hubbard v. Taylor, 399 F.3d 150, 166 (3d Cir. 2005).

6

To state a conditions of confinement claim under the Fourteenth Amendment, a plaintiff must plead facts that suggest the conditions of his confinement amount to punishment. Bell v. Wolfish, 441 U.S. 520 (1979). First, a plaintiff must provide facts that indicate he is "incarcerated under conditions posing a substantial risk of serious harm." Farmer v. Brennan, 511 U.S. 825, 834 (1994). Then, he "must allege facts which, if true, would show that the official being sued subjectively perceived facts from which to infer substantial risk to the prisoner, that he did in fact draw the inference, and then disregarded that risk by failing to take reasonable measures to abate it." Id. Generally, this assessment, based on the totality of the circumstances, asks whether there was a purpose for the condition and whether the condition is excessive in relation to that purpose. Hubbard, 399 F.3d at 159–60.

However, "the fact that such detention interferes with the detainee's understandable desire to live as comfortably as possible and with as little restraint as possible during confinement does not convert the conditions or restrictions of detention into 'punishment.'" Bell, 441 U.S. at 537. With respect to shower conditions, "to state a Fourteenth Amendment Due Process violation, [a plaintiff] must allege facts suggesting that the conditions are excessive in light of the legitimate governmental purpose of providing shower facilities

7

for inmates, a task which inherently poses a risk of exposure to mold, lime or rust." Washington v. Kelsey, No. 20-1722, 2021 WL 41460, at *3 (D.N.J. Jan. 5, 2021).

In this case, plaintiff fails to illustrate that his conditions amount to punishment. Plaintiff's complaint fails the first prong in that it does not demonstrate a present and substantial risk of serious harm. Plaintiff does not specify a particular injury, or any tangible effect from the shower conditions other than its unappealing smell and presence.

The complaint also fails the second prong to state a Fourteenth Amendment claim. The complaint lacks any assertion that the named two defendants were aware of any risk, let alone a substantial risk due to the conditions of the showers. For these reasons, plaintiff fails to state a valid conditions of confinement claim. This claim is dismissed without prejudice for failure to state a claim upon which relief may be granted.

   3. Rent

Plaintiff maintains that the $50 monthly facility charge, which he refers to as "rent," is excessive, presumably in violation of the Excessive Fines Clause of the Eighth Amendment. To prevail on an excessive fines claim, an inmate must show the disputed fees are both excessive and a punishment. Tillman v. Lebanon Cty. Corr. Facility, 221 F.3d 410, 420 (3d Cir. 2000). A fine is excessive when the amount of the forfeiture does not

bear some relationship to the gravity of the offense that it is designed to punish.  United States v. Bajakajian, 524 U.S. 321, 334 (1998).  Moreover, a fine constitutes a punishment if the "assessments and confiscations can only be explained as serving in part to punish, even if they may also be understood to serve remedial purposes."  Tillman, 221 F.3d at 420 (citing Austin v. United States, 509 U.S. 602, 610, 620-21 (1993)).

The Third Circuit has concluded that room and board fees are not a punishment, as they help "teach financial responsibility."  Id.  Moreover, room and board policies are permissible because they serve a nonpunitive function and are not contingent on an inmate's ability to pay for such services.  Id.  It is permissible for prison authorities to "seek reimbursement from the party receiving the benefit of care."  Id. at 418-19.  Further, they are not excessive because "the costs of incarceration by definition cannot be disproportionate to the offense."  Id. at 416; see also Carson v. Mulvihill, 488 F. App'x 554, 563 (3d Cir. 2012) (applying Tillman's reasoning to fees charged pretrial detainees).  Accordingly, Plaintiff fails to state a claim and the Court will dismiss this claim with prejudice.  Id.

    4. Canteen Prices

Lastly, plaintiff alleges there is price gouging taking place on canteen items at the Atlantic County Jail.  However,

prisoners, "have no federal constitutional right to purchase items from the jail commissary at any particular price, or to restrain the vendor from charging exorbitant prices." McKnight v. Taylor, No. 12-1684, 2012 WL 5880331, at *6 (D.N.J. Nov. 20, 2012); see also Myrie v. Comm'r, N.J. Dep't of Corr., 267 F.3d 251 (3d Cir. 2001) (rejecting inmates' constitutional claims challenging a ten percent surcharge on purchases from jail commissaries in New Jersey); Tokar v. Armontrout, 97 F.3d 1078, 1083 (8th Cir. 1996) ("[W]e note that we know of no constitutional right of access to a prison gift or snack shop."); French v. Butterworth, 614 F.2d 23, 25 (1st Cir. 1980) ("We also reject French's contention that he and fellow inmates have a constitutionally protected interest in buying food as cheaply as possible."). As there is no federal right at stake, this claim is dismissed with prejudice.

    5. Leave to Amend

Generally, "plaintiffs who file complaints subject to dismissal under [the Prison Litigation Reform Act] should receive leave to amend unless amendment would be inequitable or futile." Grayson v. Mayview State Hosp., 293 F.3d 103, 114 (3d Cir. 2002). "'Futility' means that the complaint, as amended, would fail to state a claim upon which relief could be granted." Shane v. Fauver, 213 F.3d 113, 115 (3d Cir. 2000). As plaintiff may be able to allege facts that would state a federal claim,

plaintiff may file a proposed amended complaint on those claims dismissed without prejudice – access to courts and shower conditions.  Plaintiff may file his proposed amended complaint within thirty days of this opinion and accompanying order.

Plaintiff should note that when an amended complaint is filed, the original complaint no longer performs any function in the case and cannot be utilized to cure defects in the complaint, unless the relevant portion is specifically incorporated in the new complaint.  6 Wright, Miller & Kane, Federal Practice and Procedure 1476 (2d ed. 1990) (footnotes omitted).  The amended complaint may adopt some or all the allegations in the complaint, but the identification of the particular allegations to be adopted must be clear and explicit.  Id.  To avoid confusion, the safer course is to file an amended complaint that is complete in and of itself.  Id.

V.   CONCLUSION

For the reasons stated above, the Court shall dismiss the complaint without prejudice in part and with prejudice in part.  Plaintiff may file a proposed amended complaint within thirty days of this opinion and accompanying order, which shall also be subject to this Court's screening under 28 U.S.C. § 1915(e)(2).  An appropriate order will be entered.

Dated: August 26, 2021             s/ Noel L. Hillman
At Camden, New Jersey              NOEL L. HILLMAN, U.S.D.J.